IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY, | No. C 11-04712 EJD (PR) |
| Petitioner, | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| D. ADAMS, Warden, | |
| Respondent. | |

Petitioner, a state prisoner, seeks an administrative writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Pelican Bay State Prison ("PBSP") that resulted in the loss of good time credits. Finding the petition stated a cognizable claim under § 2254, the Court ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer, and Petitioner filed a traverse.

**BACKGROUND**

On May 22, 2009, Officer Castro issued a Rules Violation Report ("RVR") to Petitioner for "Willfully Delaying, Obstructing a Peace Officer" when he refused to accept Inmate Stacker as a compatible cell-mate. (Pet. Ex. A.) A disciplinary hearing was held on May 31, 2003. Prior to the hearing, Petitioner was provided

Order Denying Petition for Writ of Habeas Corpus; Denying COA
G:\PRO-SE\SJ.EJD\HC.11\04712Hardney_denyHC(rvr).wpd

with notice of the hearing and of the charges against him. (Pet. Ex. A at 3.) Petitioner pled not guilty, but based upon the evidence presented, including the RVR, the Investigative Employee Report, and a Mental Health Chrono, Petitioner was found guilty and assessed a ninety days forfeiture of good time credits and thirty days loss of privileges. (Id.) Petitioner did not request any witnesses. (Id. at 4.)

Petitioner filed a habeas petition in the state superior court which was denied on March 16, 2011. His petitions to the state appellate and supreme courts were also denied. Petitioner filed the instant federal habeas petition on September 7, 2011.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

B.  Legal Claims

According to Petitioner, he spoke to Inmate Stacker who agreed to "cell-up" with him after Inmate Curtis refused. (Pet. Attach. at 2.) Petitioner asserts that when an investigative employee interviewed Inmates Stacker and Curtis, neither of them stated that Petitioner had refused to cell-up with him. (Id.) Petitioner claims that the hearing officer failed to consider the investigating employee's report and that he was wrongfully found guilty based solely on the reporting officer's report. Petitioner claims that there is no evidence to support the allegation that he refused to take a cell-mate, and that therefore the guilty finding must be reversed.

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence. See Sandin v. Conner, 515 U.S. 472, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice of the charges, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous to institutional safety or correctional goals, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974).

The revocation of good-time credits does not comport with the minimum requirements of procedural due process in Wolff unless the findings of the prison disciplinary decision-maker are supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). There must be "some evidence"

from which the conclusion of the decision-maker could be deduced. Id. at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. Id. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached" by the disciplinary decision-maker. Id. This standard is considerably lower than that applicable in criminal trials. See id. at 456.

The record reveals, and Petitioner does not dispute, that Petitioner received written notice of the charges more than twenty-four hours prior to the hearing and that there was a written statement as to the findings and reasoning of the disciplinary decision. (Pet. Ex. A.) Petitioner was assigned an investigative employee to whom he did not object. (Id.) A staff assistant was not assigned at the hearing because Petitioner speaks English and is literate, the issues were not complex, and a confidential relationship was not required. (Id.) With respect to witnesses, Petitioner did not request any. (Id.)

The evidence of Petitioner's guilt consisted of a detailed statement by the reporting officer who had advised Petitioner that per departmental policy, he was expected to double-cell and accept housing assignment as directed by the staff. (Pet. Ex. A at 1.) According to the reporting officer's report, Petitioner was offered an opportunity to house with Inmate Stacker, which Petitioner refused. (Id. at 2.) Although Petitioner asserts that the investigative employee's interview of Inmates Curtis and Stacker reveals that he never refused to be housed with either of them, the state court in rejecting this claim noted that the investigative report does not affirmatively confirm that Petitioner actually accepted Inmate Stacker as a cell partner. (Pet. Attach.; Resp't Ex. 6 at 2.) The state court also pointed out that because Inmate Stacker was not requested by Petitioner as a witness at the RVR hearing, "there was no opportunity for him to expand on such line of questioning." (Id. at 2.) Accordingly, there was sufficiently reliable evidence to find Petitioner guilty of the charged offense. See Hill, 472 U.S. at 454.

Because the procedural protections required by Wolff were met in this case, and because the findings of the disciplinary board were supported by "some evidence," Hill, 472 U.S. at 445, there was no violation of Petitioner's federal right to due process. Accordingly, the state courts' denial of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2).

## CONCLUSION

After a careful review of the record and pertinent law, the Court concludes that the Petition for a Writ of Habeas Corpus must be DENIED.

Further, a Certificate of Appealability is DENIED. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk shall terminate any pending motions and close the file.

DATED: 4/22/2013

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN HARDNEY,

        Petitioner,

v.

D. ADAMS, Warden,

        Respondent.    /

Case Number: CV11-04712 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/23/2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Hardney D-00599
California State Prison - Sacramento
P. O. Box 290066
Respresa, CA 95671

Dated: 4/23/2013

                      Richard W. Wieking, Clerk
                 /s/By: Elizabeth Garcia, Deputy Clerk